# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVERSHEET

Filing Date: November 16th, 2010          Docket#: 10-45694

Debtors: John F. Morlock                  Lynnette R. Morlock

SS#: 7396                                 SS#: 3701

Address:
45 Nutmeg Drive                           45 Nutmeg Drive
Worcester, MA 01603                       Worcester, MA 01603

Debtor's Counsel:
Mark P. DiFonte, Esq

Address: 11 Pleasant Street, Suite 10, Worcester, MA 01609

Telephone#: 508-797-4529

Facsimile#: 508-797-4528

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CHAPTER 13 PLAN

DOCKET# 10-45694

DEBTORS: John F. Morlock            SS# 7396
          Lynnette R. Morlock            SS# 3701

**I. PLAN PAYMENT AND TERM**

Debtor(s) shall pay monthly to the Trustee the sum of $113.00 for the term of: 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

**II.**     **SECURED CLAIMS:**

A.     CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| NONE | | NONE |
| Total of secured claims to be paid through the Plan | | NONE |

B.     CLAIMS TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS (Not through Plan):

| Creditor | Description of claim |
|---|---|
| **Ford Credit** | **Regular monthly post-petition installment payments due on 2006 Ford Five Hundred** |
| **Ford Credit** | **Regular monthly post-petition installment payments due on 2006 Ford Freestyle** |
| **Citimortgage** | **Regular monthly post-petition payments on first mortgage** |

1

C. MODIFICATION OF SECURED CLAIMS:

| Creditor | Details of Modification (Additional Details may Attached) | Amt. of Claim to be Paid through Plan |
|---|---|---|

**"SEE MISC PROVISIONS"**

D. LEASES:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of NONE; or
   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of: NONE.
   iii. The arrears under the lease to be paid under the plan are: NONE.

III. **PRIORITY CLAIMS**

A. Domestic Support Obligations: NONE

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | NONE |
| Total of priority claims to be paid through the Plan | | NONE |

IV. **ADMINISTRATIVE CLAIMS**

A. Attorney fees (to be paid through the Plan) — $1,100.00

B. Miscellaneous fees: NONE

C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.

V. **UNSECURED CLAIMS**

The general creditors shall receive a dividend of 2.60 % of their claims.

   A. General unsecured claims: $70,773.40

   B. Undersecured claims arising after

2

|   |   |   |
|---|---|---|
|   | lien avoidance/cramdown: | $ 25,670.22 |
| C. | Non-Dischargeable Unsecured Claims: | $NONE |
|   | Total of Unsecured Claims (A + B + C): | $ 96,443.62 |
| D. | Multiply total by percentage: | $ 2,561.20 |
| E. | Separately classified unsecured claims (co-borrower, etc): | NONE |
|   | Total amount of separately classified claims payable at ___%: | NONE |

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund Plan:    N/A

B. Miscellaneous Provisions:

### 1. CLAIM DUE CITIBANK

The debtors residence located at 45 Nutmeg Drive, Worcester, MA 01603 ("residence") has a present value of $180,000.00. The debtor's residence is subject to a first mortgage to Citimortgage, Inc. The balance due Citimortgage, Inc on the first mortgage as of the date of the filing of the petition for relief was $211,731.16.

Citibank Federal Savings Bank is the holder of a second mortgage on the residence in the face amount of $25,000.00 that was recorded with the Worcester County Registry of Deeds on September 11th, 2006 in Book 39743 Page 220. The amount due Citibank Federal Savings Bank at the time of the filing of the petition for relief was $25,670.22.

Pursuant to 11 USC§ 1322(b)(2) this plan provides to modify the claim due Citibank Federal Savings Bank on its second mortgage and treat such claim as an unsecured claim in its entirety.

The Order of Discharge to be entered in this case under 11 USC§1328(a) shall constitute a discharge of the mortgage held by Citibank Federal Savings Bank and described hereinabove.

## VII. CALCULATION OF PLAN PAYMENT

A. Secured claims (Section I-A Total):    $ NONE

3

| | | |
|---|---|---|
| B. | Priority claims (Section II-A & B Total): | $ NONE |
| C. | Administrative claims (Section III-A&B Total): | $1,100.00 |
| D. | Regular unsecured claims (Section IV-D Total): + | $ 2,561.20 |
| E. | Separately classified unsecured claims | $ NONE |
| F. | Total of a + b + c + d + e above: | $ 3,661.20 |
| G. | Divide (f) by .90 for total including Trustee's fee:<br>Cost of Plan<br>(This represents the total amount to be paid into the Chapter 13 Plan.) | $ 4,068.00 |
| H. | Divide (g), Cost of Plan, by Term of Plan, 36 months | |
| I. | Round up to nearest dollar for Monthly Plan Payment:<br>(Enter this amount on page 1) | $ 113.00 |

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A.  Real Estate Address             Fair Market Value        Total Recorded Liens
                                                             (Schedule D)

    45 Nutmeg Drive
    Worcester, MA                   $180,000.00              $211,731.16

    Total Net Equity for Real Property:                      NONE

    Less Total Exemptions (Schedule C):

    Available Chapter 7:                                     $ NONE

B.  Automobile

    Year, make & model       Value           Lien            Exemption

4

| | | | |
|---|---|---|---|
| 2006 Ford Five Hundred | $8,945.00 | $8,217.50 | $727.50 |
| 2006 Ford Freestyle | $9,875.00 | $12,295.19 | No Equity |

Total Net Equity: $727.50

Less Total Exemptions (Schedule C): $ 727.50

Available Chapter 7: $ NONE

C. All Other Assets (All remaining items on Schedule B):

Household goods, bank accounts, used clothing, etc.

Total Net Value: $2,341.83

Less Exemptions (Schedule C): $2,341.83

Available Chapter 7: $NONE

D. Summary of Liquidation Analysis (total amount available under Chapter 7):
Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ NONE

E. Additional Comments regarding Liquidation Analysis:
NONE

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

Dated this 16th day of November, 2010

/s/ Mark P. DiFonte
Mark P. DiFonte, Esq
Counsel for the Debtors
11 Pleasant Street, Suite 10
Worcester, MA 01609
(508) 797-4529 – phone
(508) 797-4528 – fax
mark@difpanalaw.com

5

WE, DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/John F. Morlock            November 16th, 2010

/s/Lynnette R. Morlock        November 16th, 2010

6